Merritt L. **HETHCOTE**, Petitioner,

v.

**UNITED STATES** of America and Ralph R. Smith, Revenue Agent of the Internal Revenue Service, Respondents.

Civ. No. F 83–154.

United States District Court, N.D. Indiana, Fort Wayne Division.

Aug. 10, 1984.

---

Merritt L. Hethcote, pro se.

Matthew Yackshaw, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., David H. Miller, Asst. U.S. Atty., Fort Wayne, Ind., for respondents.

## ORDER

**WILLIAM C. LEE, District Judge.**

This matter is before the court on a Petition to Quash an Internal Revenue summons. The United States filed a response to that petition and further filed a "Motion for Summary Enforcement of Summons and for an Award of Attorneys' Fees and Costs." For the reasons set forth below, the petition to quash will be denied, and the United States' request for summary enforcement and for an award of attorney fees, costs and expenses will be granted.

### *Discussion*

The relevant facts appear to be as follows. Petitioner, Merritt L. Hethcote, brought this action pursuant to 26 U.S.C. § 7609(b) to quash an Internal Revenue Service summons issued to the Marion Independent Federal Circuit Union of Marion, Indiana. Revenue Agent Ralph R. Smith is assigned to conduct an examination for the Internal Revenue Service regarding the income tax liabilities of petitioner for the calendar years 1980, 1981 and 1982. It appears that petitioner failed to file federal income tax returns during those years though he was employed as a tool and die smith for the Fischer Body Plant in Marion, Indiana.

In furtherance of the examination into the potential tax liability of the petitioner, Revenue Agent Smith issued the challenged Internal Revenue Service summons to the Marion Independent Federal Credit Union for the years in question. The summons seeks testimony and documents relating to the petitioner's accounts and transactions with the Marion Independent Federal Credit Union.

■ The authority of the Internal Revenue Service to conduct examinations regarding the tax liability of individuals and to issue summonses in conjunction with such examinations is set forth in 29 U.S.C. § 7602 which provides in pertinent part:

> For the purpose of ... making a return where none has been made, determining the liability of any person for any Internal Revenue tax or the liability at law ... the Secretary is authorized—
>
> [1] To examine any books, papers, records or other data which may be relevant or material to such inquiry;
>
> [2] To summon any person having possession, custody or care of books of accounts containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records ... as may be relevant or material to such inquiry ...

26 U.S.C. § 7602(a). In order to obtain enforcement of a summons, the United States need only show that the summons was issued for a legitimate purpose; that the summoned data are relevant to that purpose; that the data are not already in the government's possession; and that the administrative steps required for issuance and service of the summons have been followed. *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964); *United States v. La-Salle National Bank*, 437 U.S. 298, 313–14, 98 S.Ct. 2357, 2365–66, 57 L.Ed.2d 221 (1978). "The requisite showing is generally made by the affidavit of the agent who issued the summons and who is seeking

enforcement," *United States v. Garden State National Bank*, 607 F.2d 61, 68 (3d Cir.1979), and generally, nothing more than an affidavit is necessary to make out a prima facie case for enforcement of the summons. *See United States v. Kis*, 658 F.2d 526 (7th Cir.1981), *cert. denied*, 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982).

■ In the present matter, the United States has made out a prima facie case for summons enforcement through the "Declaration of Revenue Agent Ralph R. Smith" and the response filed by the government in this cause. First, it appears clear that the questioned summonses were issued "in good faith pursuit of the congressionally authorized purposes of § 7602," *United States v. LaSalle National Bank*, 437 U.S. 298, 318, 98 S.Ct. 2357, 2368, 57 L.Ed.2d 221 (1978), since valid purposes under section 7602 include "determining the liability of any person for any Internal Revenue tax." As the "Declaration of Revenue Agent Smith" makes clear, the summonses involved in this case were issued to determine petitioner's correct income tax liability for the years 1980, 1981 and 1982 in which he did not file a return.

■ Second, the summoned data appears to be relevant to the purposes of the investigation. Unlike some cases which require a showing of probable cause before summons can issue, an investigation by the Internal Revenue Service into the affairs of taxpayers requires only a showing that the material sought "may be relevant or material." *See United States v. Bisceglia*, 420 U.S. 141, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975); *also Kis, supra*, 658 F.2d at 535–37. Thus, the Internal Revenue Service must surmount only a very low threshold in order to enforce a summons, namely "whether the inspection sought might have thrown light upon the correctness of the taxpayer's returns." *United States v. Noall*, 587 F.2d 123, 125 (2d Cir.1978), *cert. denied*, 441 U.S. 923, 99 S.Ct. 2031, 60 L.Ed.2d 396 (1979). In the present matter, the summonses in question seek testimony and records relating to bank accounts main-

tained by the petitioner during the tax years under investigation. As the government points out, it would be difficult to imagine information which could be more relevant to an investigation of a person's income tax liability.

Third, with respect to a prima facie case, it appears that the government is not in possession of the information sought through the summonses. In fact, declarant Ralph R. Smith avers that the government is not, in fact, in possession of such records.

Finally, there is no indication that the administrative steps required for issuance and service of the summonses have not been followed. Thus, in balance, it appears clear to the court that the United States has established a prima facie case for enforcement of the summons.

■ Since the United States has established a prima facie case, "the burden therefore falls upon petitioner to disprove the existence of a valid purpose or to show that enforcement of the summonses would be an abuse of the court's process or otherwise would be improper." *Godwin v. United States*, 564 F.Supp. 1209, 1213 (D.Del.1983), *citing United States v. Powell, supra*, 379 U.S. at 58, 85 S.Ct. at 255; *United States v. LaSalle National Bank, supra*, 437 U.S. at 316, 98 S.Ct. at 2367. Here, the petitioner has not only failed to allege that the summons was not issued for a proper purpose, he has not even alleged any facts which remotely suggest that the summons in question are unenforceable. There simply is no basis on the record before the court for quashing the summonses.

■ Aside from the foregoing, petitioner levels various arguments, most of which appear to be protesting the entire theory behind the tax laws of this country, and all of which are frivolous and without merit. Petitioner appears to be asserting that he is not subject to this nation's revenue laws. Of course, such a determination is not for petitioner to make but rather has been made by the United States Congress

through the enactment of the Tax Code. *See, e.g., Oldland v. Kurtz,* 528 F.Supp. 316, 320 (D.Col.1981); 26 U.S.C. § 6001; 26 U.S.C. § 7601. Equally frivolous is petitioner's argument to the effect that wages which arise from an equal exchange of labor or services for property are not income since no gain is derived. For petitioner's benefit, this court quotes a decision by the United States Court of Appeals for the Seventh Circuit wherein it was stated: "WAGES ARE INCOME." *United States v. Koliboski,* 732 F.2d 1328, 1329 n. 1 (7th Cir.1984).

 The other arguments advanced by petitioner are similarly meritless. Contrary to petitioner's contention, Congress has lawfully delegated authority to the Internal Revenue Service and other administrative agencies. 26 U.S.C. §§ 7601, 7602; *United States v. Euge,* 444 U.S. 707, 100 S.Ct. 874, 63 L.Ed.2d 141 (1980). Further, while the Freedom of Information Act (contrary to petitioner's assertions) does not apply to IRS summonses, *United States v. Fain,* 42 A.F.T.R.2d 78–5494 (M.D.N.C. 1978), a careful examination of the summons in this case indicates that all requirements of the law were met. And, to the extent that petitioner may be asserting that the Administrative Procedure Act, 5 U.S.C. § 556, applies to this case, such a contention is without merit since none of the applicable statutes requires a hearing. *See United States v. Taylor,* 43 A.F.T.R.2d 79–789 (E.D.Va.1979); *also United States v. Allegheny-Ludlum Steel Corp.,* 406 U.S. 742, 92 S.Ct. 1941, 32 L.Ed.2d 453 (1972).

Thus far, the court has determined that petitioner's request that the summons in question be quashed should be denied and that the government's motion for summary enforcement should be granted. There remains, the question of the government's request for attorney fees, costs and expenses.

"The American rule is that absent specific statutory or other expressed authorization, attorney's fees are not recoverable by the prevailing party to a lawsuit." *International Union, etc. v. J. Pease Construc-*tion Co., 541 F.Supp. 1334, 1337 (N.D.Ill. 1982). One exception to the American rule is recognized where a losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons ...". *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–9, 95 S.Ct. 1612, 1622–23, 44 L.Ed.2d 141 (1975); *see F.D. Rich, Inc. v. United States ex rel. Industrial Lumber Co., Inc.,* 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974). Essentially, a court's inherent equitable powers may only be invoked to award attorney's fees to prevent gross injustice, fraud, or bad faith. *See Bailey v. Meister Brau, Inc.,* 535 F.2d 982 (7th Cir.1976). And, "the standards for determining bad faith necessarily are stringent." *International Union, supra,* at 1337.

 Given the meritless nature of petitioner's claim, the court is of the view that the government should be compensated for having to defend the same. There is no justifiable reason for petitioner's action in this case. Petitioner has failed to allege one single defense to the summons that has not been decisively rejected by the courts or eliminated by Congress. About the only conclusion which can be based on this record is that the petitioner is attempting to delay a legitimate examination by the Internal Revenue Service. The vague and frivolous allegations set forth in the petition fail to establish any substantive claim.

 In an analogous situation, the United States Court of Appeals for the Seventh Circuit stated as follows:

The doors of this courthouse are, of course, open to good faith appeals of what are honestly thought to be errors of the lower courts. But we can no longer tolerate abuse of the judicial review process by irresponsible taxpayers who press stale and frivolous arguments, without hope of success on the merits, in order to delay or harass the collection of public revenues or for other nonworthy purposes....

... Abusers of the tax system have no license to make irresponsible demands on the courts of appeals to consider fanciful arguments put forward in bad faith. In the future we will deal harshly with frivolous tax appeals and will not hesitate to impose even greater sanctions under appropriate circumstances.

*Granzow v. Commissioner of Internal Revenue*, 739 F.2d 265, 269–270 (7th Cir. 1984). Similarly, the doors of this courthouse are open to good faith litigation but abuse of the judicial process, as in this case, will not be tolerated. Accordingly, the government's request for attorney fees, costs and expenses will be granted. This court finds the reasonable attorney fees to be $200.00.

### Conclusion

On the basis of the foregoing, it is hereby ORDERED as follows:

1. The Petition to Quash summons in the above entitled cause is DENIED;

2. The summoned party, Marion Independent Federal Credit Union, shall comply with and obey the summons served upon it on May 2, 1983, by appearing at the offices of the Internal Revenue Service, before Revenue Agent Ralph R. Smith or his designee, at a date and time to be specified by Revenue Agent Smith or his designee, then and there to testify and to produce for inspection and copying all of the books, papers, records, and other data described in the summons served upon it on May 2, 1983, such appearance, testimony, inspection and copying to continue from day to day until complete; and

3. That the United States be awarded its costs, expenses and further be awarded attorney fees in the amount of $200.00.