James E. SHROCK, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 1:95cv205.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Sept. 27, 1995.

James E. Shrock, Shipshewana, IN, pro se.

Gerald H. Parshall, Jr., U.S. Department of Justice, Washington, DC, for defendant.

## *ORDER*

WILLIAM C. LEE, District Judge.

This matter is before the court on the United States' motion to dismiss. For the following reasons, the motion will be granted.

### *Discussion*

On June 29, 1995, plaintiff, James E. Shrock ("Shrock") filed a "Complaint for Damages and Motion for Injunction". Attached as Exhibit A to Shrock's complaint is a document entitled "Affidavit of Declaration of Commercial Standing Under the National Laws of Commerce to Correct, Pursuant to 5 U.S.C. § 552(a), Inaccurate, Irrelevant, Untimely, Incomplete, and False or Presumed Information Contained in Federal Records About James E. Shrock." This affidavit essentially states that Shrock believes that he is not subject to federal income tax as he is not "subject to United States local commercial jurisdiction under the commerce clause. . . ."

The United States has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (lack of jurisdiction) and 12(b)(6) (failure to state a claim). With respect to its Rule 12(b)(1) motion, the United States argues that all of the jurisdictional bases relied upon by Shrock are inapplicable to the present case. Shrock has relied on 28

U.S.C. § 1330(a), which provides that district courts have original jurisdiction over actions against foreign states as defined in 28 U.S.C. § 1603(a). This is a United States District Court, and the United States is not a foreign state with respect to its own court. Thus, this court does not have jurisdiction under § 1330(a).

■ Shrock has also relied on § 1391(f), which is merely a venue provision and does not give this court jurisdiction over the United States. Shrock next relies on 28 U.S.C. § 1605(a), which provides exception to the immunity of foreign states. As noted earlier, the United States is not a foreign state; thus, § 1605(a) is inapplicable. Finally, Shrock has relied on several provisions of the United States Constitution (Articles I and III, and Amendment 5) for jurisdiction. Clearly, this court has the power under the Constitution to hear cases arising under the laws of the United States; however, Shrock has failed to identify a statute which would give this court jurisdiction to hear this case.

■ In an abundance of caution, this court will next consider whether Shrock's cause of action falls under the more traditional jurisdictional statutes, 28 U.S.C. §§ 1340 and 1331. Section 1340 grants the district courts original jurisdiction of any civil action arising under any act of Congress providing for internal revenue. This jurisdiction extends to civil actions arising under the Internal Revenue laws; thus, the suit must be based on some cause of action which the Internal Revenue Code recognizes and allows the plaintiff to bring. *Young v. Internal Revenue Service,* 596 F.Supp. 141 (N.D.Ind.1984). As in *Young,* it is clear that this case does not arise under the Internal Revenue Code. Shrock does not seek to enforce any provision of the Code or to pursue a statutory remedy under the Code. Consequently, it is clear that § 1340 does not confer jurisdiction on this court.

■ Section 1331 is the general "federal question" jurisdictional statute. Assuming that Shrock has stated a "federal question", and jurisdiction is proper under § 1331, Shrock could not recover damages unless he can prevail under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, or under the principles of *Bivens v. Six Unknown Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). As in *Young,* any claim asserted by Shrock under the Federal Tort Claims act would fail on principles of sovereign immunity because the Federal Tort Claims Act specifically excludes "any claim arising in respect of the assessment collection of any tax or customs duty...." 28 U.S.C. § 2680(c). With respect to a possible *Bivens* action, the courts have repeatedly refused to recognize a *Bivens* action against the United States for the collection and assessment of taxes. *See Seibert v. Baptist,* 594 F.2d 423, 429–32 (5th Cir.1979); *Young, supra.*

Accordingly, this court finds that jurisdiction is lacking over this cause of action and the United States' motion to dismiss will granted on this basis.

■ The United States has also argued that Shrock has failed to state a claim, as courts have repeatedly rejected arguments such as Shrock's, which have been concocted out of thin air in an attempt to avoid the duty of paying federal taxes. This court agrees with the United States on this point also, and finds that Shrock has failed to state a claim for which relief may be granted.

The United States has also requested that this court impose sanctions on Shrock, pursuant to Rule 11, for filing this baseless lawsuit. As the United States points out, this is not the first time this court has had to expend valuable time and resources on meritless claims presented by Shrock. In Cause No. 91–125, *Shrock v. Internal Revenue Service,* Shrock advanced meritless claims which he finally dismissed after the United States filed a motion to dismiss and Magistrate Judge Cosbey warned him of the Rule 11 consequences of pursuing a meritless case. Later, in Cause No. 92–91, *Shrock v. Internal Revenue Service,* this court dismissed with prejudice a similar case in which Shrock argued he was exempt from paying federal tax because he had published his own personal "Declaration of Independence."

It appears to this court that sanctions may very well be appropriate in this case. Fed. R.Civ.Pro. 11(c)(1)(B).

*Conclusion*

For all of the foregoing reasons, the United States' motion to dismiss is hereby GRANTED.

Further, Shrock is hereby ORDERED TO SHOW CAUSE, within 20 days of the date of this order, as to why he should not be sanctioned, pursuant to Rule 11 of the Federal Rules of Civil Procedure, for filing the present action.