**Keira SPILMAN, Plaintiff,**

v.

**Kent B. CREBO, individually & as an employee of the Internal Revenue Service; Ken Elder, individually & as an employee of the Internal Revenue Service; Fred Nielsen, individually & as an employee of the Internal Revenue Service; the Internal Revenue Service, acting as a government agency; and the United States of America, Defendants.**

**No. CV–81–106–BU.**

United States District Court, D. Montana, Butte Division.

Nov. 30, 1982.

William A. Schreiber, Belgrade, Mont., for plaintiff.

James P. Sites, Trial Atty., Dept. of Justice, Tax Div., Washington, D.C., Allan McKenzie, Asst. U.S. Atty., Butte, Mont., for defendants.

## MEMORANDUM OPINION

HATFIELD, District Judge.

Herein considered are the defendants' motions to dismiss, or in the alternative, for summary judgment.

Count I of the complaint alleges that in the course of an investigation of a taxpayer who resides with the plaintiff, defendants Crebo and Elder issued a summons pursuant to 26 U.S.C. § 7602 and served it on the plaintiff. Counsel for the plaintiff contacted defendant Crebo and informed him that "his actions against plaintiff were beyond the authority of a 26 U.S.C. § 7602 summons, that defendant Crebo was in violation of plaintiff's civil rights and that plaintiff was extremely intimidated, harassed and embarrassed by said summons". Defendant Crebo went to plaintiff's residence and told her that no one could intervene on her behalf and that she would have to appear in Helena pursuant to the summons.

The complaint then alleges that the actions of defendants Crebo and Elder were beyond their authority because the plaintiff is not a person who can be summoned under 26 U.S.C. § 7609 and because they violated "Treasury Department Appropriation Act, 1981, H.R. 7583, § 102 which requires the conduct of officers and employees of the IRS to act in accordance with 15 U.S.C. § 1692, § 805(a) . . .".

As to defendant Nielsen, it is alleged that he had a duty to prevent the actions of Crebo and Elder and that he failed to do so.

Count II adds the allegation that plaintiff was denied her rights under the First, Fourth, Fifth, and Fourteenth amendments to the U.S. Constitution and Article II, Section 10 of the Montana Constitution.

Count III claims that the acts alleged violated "15 U.S.C. § 1692, § 805 and required adherence under Treasury Department Appropriation Act of 1981, H.R. 7583, § 102".

This entire action may be subject to summary dismissal as being, in the law, a suit against the United States.[1] While plaintiff has alleged that the complained of conduct of the individual defendant officials was outside their authority and unconstitution-

---

1. See *Larson v. Domestic & Foreign & Foreign Commerce Corporation,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). *Dugan v. Rank,* 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963).

al, these allegations are largely conclusory.[2] This court has, however, separately considered the cognizability of this action against the three individual defendants.

 It is clear that the cause of action cannot be maintained against the United States and its agency, the Internal Revenue Service. They are cloaked with sovereign immunity. The United States and its agencies are not subject to suit absent a clear expression of Congressional consent to be sued.[3]

Plaintiff's jurisdictional allegation states that: "This action arises out of 28 U.S.C. §§ 1346(b), 2671 et seq. and all amendments thereto, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 15 U.S.C. § 1692, § 805(a) and Treasury Department Appropriation Bill 1981 H.R. 7583, § 102." Plaintiff's allegation of jurisdiction under the Federal Tort Claims Act is misplaced. The Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., waives sovereign immunity and confers jurisdiction in federal district courts under 28 U.S.C. § 1346. "The waiver, however, is severely limited by several exceptions spelled out in 28 U.S.C. § 2680. If a plaintiff's tort claim falls within one of the exceptions, the district court lacks subject matter jurisdiction. *Gibson v. United States,* 457 F.2d 1391 (3rd Cir.1972)." *Morris v. United States,* 521 F.2d 872, 874 (9th Cir.1975).

One of the exceptions to the application of the Federal Tort Claims Act deprives the district court of jurisdiction of claims "arising in respect of the assessment or collection of any tax", 28 U.S.C. § 2680(c). This exception is clearly applicable in this case. In *Morris v. United States, supra,* the ninth circuit held in a claim for damages against the U.S., the I.R.S. and various federal officials involving an I.R.S. audit, that:

> Even assuming arguendo that the Internal Revenue agents' collection activity was beyond the normal scope of activity and amounted to tortious conduct, we find that the claim falls squarely within exempted group of tort claims arising out of tax collection efforts. *Krouse v. United States Government Treasury Department Internal Revenue Service,* 380 F.Supp. 219, 222 (C.D.Cal.1974); *See Broadway Open Air Theatre v. United States,* 208 F.2d 257 (4th Cir.1953).

Plaintiff's allegation of jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983 *et seq.* is also clearly erroneous. There is no allegation of conduct undertaken, "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory". Plaintiff's arguments as to the jurisdiction of this court, comparing the immunity of state officials in actions under § 1983 with actions against federal officials brought under a constitutional tort theory, *Bivens v. Six Unknown Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), confuse the immunity issue with the more fundamental issue of federal jurisdiction in the first instance. *Bivens* does not, of its own force, waive the application of sovereign immunity. *See e.g., Kranz v. Internal Revenue Service, et al.,* (unpublished) CV–81–78–BLG; *Beckman v. Internal Revenue Service,* (unpublished) CA–81–3468, decided July 13, 1982. In *Beckman* the ninth circuit stated:

> The United States and the Internal Revenue Service are not subject to a *Bivens* claim because of their sovereign immunity. *Blackmar v. Guewe [Guerre],* 342 U.S. 512, 515 [72 S.Ct. 410, 412, 96 L.Ed.

---

**2.** "The federal courts that have been called upon to apply *Larson* have held that the basic exceptions to sovereign immunity as applied to federal officers arise either when defendant has acted in his individual capacity, or outside the scope of his authority, or when the officer, although within the scope of his authority, acted unconstitutionally or the power on which he based his conduct was unconstitutional." 14 Wright, Miller & Cooper, *Federal Practice & Procedure,* § 3655 pp. 185–186 (1976). "How-

ever, plaintiff specifically must allege the statutory limitation on which he or she relied in order to utilize the exception; conclusory allegations about 'illegal' or 'unauthorized' acts are not enough." *Id.,* p. 184.

**3.** *Larson, supra.* "The absence of consent is a fundamental, jurisdictional defect that may be asserted at any time, either by the parties or by the court on its own motion." Wright, Miller & Cooper, *supra,* § 3654 pp. 156–157.

534] (1952); *United States v. Sherwood,* 312 U.S. 584, 586 [61 S.Ct. 767, 769–70, 85 L.Ed. 1058] (1941).... The jurisdictional base for a *Bivens* claim is 28 U.S.C. § 1331(a), which does not waive the sovereign immunity of the United States and its instrumentalities. *Laguna Hermosa Corp. v. Martin,* 643 F.2d 1376, 1378 (9th Cir.1981).

No other statute cited by plaintiff confers jurisdiction on this court in a suit against the United States or its agencies.

■ Turning then to the individual defendant officials, the issue of immunity must be considered. In *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), the Court held that state officials named as defendants in § 1983 suits possessed qualified or "good faith" immunity. In *Butz v. Economou,* 438 U.S. 478, 504, 98 S.Ct. 2894, 2909, 57 L.Ed.2d 895 (1978), the Court decided that a like defense was available to federal officials. In doing so, the court in *Butz* stated:

Insubstantial lawsuits can be quickly terminated by federal courts alert to the possibilities of artful pleading. Unless the complaint states a compensable claim for relief..., it should not survive a motion to dismiss. Moreover, the Court recognized in *Scheuer* that damages suits concerning constitutional violations need not proceed to trial, but can be terminated on a properly supported motion for summary judgment based on the defense of immunity.... In responding to such a motion, plaintiff may not play dog in the manger; and firm application of the Federal Rules of Civil Procedure will ensure that federal officials are not harassed by frivolous lawsuits.

438 U.S. at 507–508, 98 S.Ct. at 2911. See also *Scheuer, supra,* 416 U.S. at 245–248, 94 S.Ct. at 1691–92. It has, therefore, been the expressed policy of the Supreme Court to enable the expeditious termination of suits against federal officials upon a determination that the conduct complained of

was done in the good faith performance of their official duties. In practice, however, the application of such a policy has been impeded. The necessity of the inquiry into the mental state or intention of the defendant officials, for the application of the "good faith" test, confounds the ability to summarily decide the immunity issue by raising what has been held to be a question of material fact. This tension was recognized and dealt with by the Supreme Court in *Harlow v. Fitzgerald,* —— U.S. ——, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Therein, —— U.S. at page ——, 102 S.Ct. at page 2737–38, the Court noted:

The subjective element of the good faith defense frequently has proved incompatible with our admonition in *Butz* that insubstantial claims should not proceed to trial. Rule 56 of the Federal Rules of Civil Procedure provides that disputed questions of fact ordinarily may not be decided on motions for summary judgment. And an official's subjective good faith has been considered to be a question of fact that some courts have regarded as inherently requiring resolution by a jury.

To deal with the problem the Court in *Harlow* announced the following rule:

We therefore hold that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. See *Procunier v. Navarette,* 434 U.S. 555, 565 [98 S.Ct. 855, 861, 55 L.Ed.2d 24] (1978); *Wood v. Strickland, supra,* 420 U.S. [308], at 321 [95 S.Ct. 992, 1000, 43 L.Ed.2d 214].

*Id.,* at ——, 102 S.Ct. at 2738.

The crux of plaintiff's complaint is that the investigative efforts of defendants Crebo and Elder in issuing a summons directed to the plaintiff were outside the authority of 26 U.S.C. § 7602.[4] Plaintiff apparently

**4.** 26 U.S.C. § 7602 provides:
For the purpose of ascertaining the correctness of any return, making a return where

none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any trans-

reaches this conclusion because she is not a person described as a third party record keeper in 26 U.S.C. § 7609. This conclusion is clearly erroneous. 26 U.S.C. § 7609 provides *inter alia* that if a summons is issued under § 7602(2) and if the party to whom the summons is issued is a third party record keeper, and if the summons requires the production of certain described records, then the special notice requirements of § 7609 are required. This court's reading of the statute reveals no other diminution of the authority granted by § 7602 by the provisions of § 7609.

Plaintiff's complaint also alleges that the issuance of the summons violated "Treasury Department Appropriation Act, 1981, H.R. 7583, § 102 which requires the conduct of officers and employees of the IRS to act in accordance with 15 U.S.C. § 1692, § 805(a)". 15 U.S.C. § 1692 is a consumer credit provision which places limitations on the conducting of debt collections. The other reference by plaintiff, which is purported to require compliance with § 1692, is sometimes cited by plaintiff as an "Act" and sometimes as a "Bill". This court has not been able to determine that any such provision was ever enacted into law.

This court therefore finds that this case is particularly susceptible to summary judgment. There is no material question of fact and the law is clear. The individual defendants are entitled to the qualified immunity of federal officers under the test set forth in *Harlow, supra.* There is no statutory or constitutional law which the defendant officials could reasonably have been expected to know would be violated by their summons.

feree or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized—
 (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.
 (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the

business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry, and
 (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.