Richard G. BLAIR and Joanne E. Blair, Plaintiffs,

v.

U.S. TREASURY DEPARTMENT, et al., Defendants.

Richard G. BLAIR and Joanne E. Blair, Plaintiffs,

v.

COMMISSIONER OF the INTERNAL REVENUE SERVICE, et al., Defendants.

Civ. Nos. F 84–83, F 84–95.

United States District Court, N.D. Indiana, Fort Wayne Division.

Oct. 19, 1984.

Richard G. Blair, Huntington, Ind., pro se.

Peter Sklarew, Civ. Trial Sec., Tax Div., Dept. of Justice, Washington, D.C., Christina McKee, Asst. U.S. Atty., Fort Wayne, Ind., for defendants.

## ORDER

LEE, District Judge.

These matters are before the court on the motions to dismiss and motions for the award of attorney fees and costs filed by the defendants in these two actions. Because these motions contain very similar arguments, and disposition of the issues will require discussion of the same lines of analysis, the concerns of judicial economy require that these two motions be ruled upon in a single order. For the following reasons, defendants' motion to dismiss will be granted in both causes of action, and defendants' motion for attorney fees will be denied.

■ Plaintiffs are proceeding *pro se. Pro se* pleadings are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). This court also recognizes that federal courts have historically exercised great tolerance to insure that an impartial forum remains available to plaintiffs invoking the jurisdiction of the court without the guidance of trained counsel. *Pro se* complaints, such as plaintiffs', are held to less stringent pleading requirements; technical rigor in the examination of such pleadings is inappropriate.

Liberally construed, the complaints in these two cases challenge the validity of several actions taken by the defendants in levying against plaintiffs' property and in assessing taxes against the plaintiffs. The original complaint in No. F 84–83 was entitled "Request for Injunction to Prevent Seizure of Property," and sought to enjoin the Internal Revenue Service ("IRS") from seizing the contents of plaintiffs' medical practice office, claiming that the IRS knew the value of the office equipment was stated at $750.00 in 1973, and that by trying to seize the assets of the office, the IRS deliberately intended to violate the "Tools of the Trade" exception to the levy and seizure provision of the Internal Revenue Code ("Code"), 26 U.S.C. § 6334. In No. F 84–95, the initial complaint alleged that the defendants had been harassing the plaintiffs since 1973, and alleged an increase in the harassment "by phone calls, letters, meetings, seizures and levies." Plaintiffs seek $10 million in damages.

On March 14, 1984, the procedural histories of these two causes of action began to merge by the simultaneous filing in both No. F 84–83 and No. F 84–95 of a document entitled "Complaint to Reclaim Property." This complaint challenges the IRS seizure of certain real property, the contents of a safe deposit box at the Community State Bank of Huntington, Indiana, and a 1981 Pontiac LeMans. The complaint alleges that the house and car were previously encumbered by liens, and that the plaintiffs had no interest in the contents of the safety deposit box. This "Complaint" seeks the release of all seizures and levies and the return of all properties and monies to the plaintiffs. Once the defendants were made aware of this filing, all parties began filing joint pleadings and papers in both actions. This "combination" of the two actions was a primary factor in the combination of the two actions in this order.

Defendants have opposed these complaints on two grounds: (1) that none of the parties named in either of the initial complaints can be sued because of sovereign immunity; and (2) the claims asserted in all three complaints are meritless and should be dismissed. Defendants have also moved for an award of attorney fees in both actions, and plaintiffs have requested sanctions against the defendants under Rule 11.

The court begins by analyzing the motions to dismiss.

## I. MOTION TO DISMISS

Although the defendants have characterized their motion as a motion to dismiss, it is clear that the issues presented by this motion are best addressed after reference is made to the exhibits and pleadings in this case. When matters outside the pleadings are presented to and not excluded by the court, a motion to dismiss will be converted into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 12(b).

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may only be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, summary judgment serves as a vehicle with which the court "can determine whether further exploration of the facts is necessary." *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975).

In making this determination, the court must keep in mind that the entry of summary judgment terminates the litigation, or an aspect thereof, and must draw all inferences from the established or asserted facts in favor of the non-moving party. *Peoples Outfitting Co. v. General Electric Credit Corp.*, 549 F.2d 42 (7th Cir.1977. A party may not rest on the mere allegations of his pleadings or the bare contentions that an issue of fact exists. *Posey v. Sky-*

*line Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). *See also Atchison, Topeka & Santa Fe Railway v. United Transportation Union*, 734 F.2d 317 (7th Cir.1984); *Korf v. Ball State University*, 726 F.2d 1222 (7th Cir.1984). *See generally* C. Wright, *Law of Federal Courts*, § 99 (4th ed. 1983); 6 *Moore's Federal Practice*, § 56.15 (2d ed. 1984).

Thus, the moving party must demonstrate the absence of a genuine issue of material fact. The court views all evidence submitted in favor of the non-moving party. Even if there are some disputed facts, where the undisputed facts are the material facts involved and those facts show one party is entitled to judgment as a matter of law, summary judgment is appropriate. *Egger v. Phillips*, 710 F.2d 292, 296–97 (7th Cir.1983); *Collins v. American Optometric Assn.*, 693 F.2d 636, 639 (7th Cir.1982). Further, if the court resolves all factual disputes in favor of the non-moving party and still finds summary judgment in favor of the moving party is correct as a matter of law, then the moving party is entitled to summary judgment in his favor. *Egger*, 710 F.2d at 297. *See also Bishop v. Wood*, 426 U.S. 341, 348, 348 n. 11, 96 S.Ct. 2074, 2079, 2079 n. 11, 48 L.Ed.2d 684 (1976).

■ Although not raised by the defendants directly in their motion to dismiss, the court turns first to the issue of whether a proper basis for jurisdiction exists for hearing this cause. Because of the limited nature of a district court's jurisdiction, the court may inquire into its jurisdiction *sua sponte. Rice v. Rice Foundation*, 610 F.2d 471 (7th Cir.1979).

### A. Jurisdiction

The plaintiffs do not assert a jurisdictional basis for their claims in any of the three complaints. This court is therefore required to analyze the potential jurisdictional bases available to the plaintiffs. This task can be carried out by asking whether

this court has jurisdiction to (1) issue an injunction against the levy of plaintiffs' property and medical practice assets; (2) award of damages for alleged violations of plaintiffs' rights by the defendants; and (3) order a return of property seized.

### 1. Injunctive Relief

■ The Code contains an anti-injunction provision which provides:

> Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

Thus, the general rule is that injunctive relief is not available to prevent the collection of a tax unless one of the exceptions applies. Here, none of the statutory or judicially created exceptions apply.[1] The only one which might apply is § 7426(b)(1), which allows injunctions against levy or sale of property upon a showing of irreparable injury. However, as the defendants point out, § 7426 injunctive relief is limited to persons who claim an interest in the property *"other than the person against whom is assessed the tax out of which such levy arose."* 26 U.S.C. § 7426(a). Plaintiffs therefore fall outside the provisions of this exception, and therefore cannot rely on it to obtain injunctive relief. Without any exception to the anti-injunction provision available, this court is without jurisdiction to grant injunctive relief.

*Hutchinson v. United States*, 677 F.2d 1322 (9th Cir.1982).

### 2. Damages

Plaintiffs seek damages for the alleged harassment by the defendants. Assuming for the moment that plaintiffs could show that this harassment violates a constitutional right, so as to give rise to some kind of federal question jurisdiction, this court is nevertheless without jurisdiction to award damages.

■ Plaintiffs can obtain damages against the defendants under only one of two theories: a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680; or an implied cause of action under the principles of *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). As will be more fully discussed in section I.B. of this order, a claim under the Federal Tort Claims Act will fail on principles of sovereign immunity. Furthermore, in *Seibert v. Baptist*, 594 F.2d 423, 429–32 (5th Cir.1979), *cert. denied*, 446 U.S. 918, 100 S.Ct. 1851, 64 L.Ed.2d 271 (1980), the court refused to recognize a *Bivens*-type cause of action against the IRS and IRS officials and agents. This court has also refused to recognize a *Bivens* cause of action for the assessment or collection of taxes. *See Cameron v. IRS*, 593 F.Supp. 1540 (N.D. Ind.1984); *Young v. IRS*, 596 F.Supp. 141 (N.D.Ind.1984). The acts of harassment— "phone calls, letters, meetings, seizures and levies"—are nothing more than the normal acts necessary to enforce the tax laws, and

---

1. Section 6212(a) and (c) prevents the Secretary from making any more determinations of a taxpayer's liability for a given year after the taxpayer petitions the Tax Court for a redetermination of liability. Section 6213(a) prevents the Secretary from executing a levy during the pendency of a petition to the Tax Court to redetermine liability. Section 6672(b) prohibits a levy during the pendency of a suit to determine the taxpayer's liability for penalties assessed for failure to pay taxes or for evading taxes. Section 6694(c) prevents levy or proceedings against an income tax return preparer fined for willfully understating liability when the preparer has paid 15 per cent of the fine and sued for a refund. None of these exceptions apply here.

The Supreme Court has recognized one judicially-created exception to the anti-injunction provisions of the Code. Under *Enochs v. Williams Packing and Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), an injunction may be granted if the plaintiff can show that (1) under the most liberal view of the facts and law, the government cannot prevail on the merits, and (2) special circumstances indicate that the plaintiff does not have an adequate remedy at law. Here, the first element is absent because the government will in fact prevail on the merits (see Section I.C. *infra*). The second element is also absent because the plaintiff could sue for a refund. Therefore, the *Enochs* exception does not apply.

are not of the outrageous nature of the acts committed in *Bivens*. Therefore, the court lacks the ability to award damages against the defendants.

### 3. Return of Property

■ Plaintiffs seek the return of certain properties alleged to have been seized in wrongful levies. However, the Secretary has power to levy all property belonging to the taxpayer upon ten day notice and demand for payment. 26 U.S.C. § 6331(a). The person in possession of the property shall surrender it upon demand of the Secretary, § 6332(a). The owner may redeem the property by paying the amount due, § 6337(a), or may get the property back if the Secretary determines that the levy was wrongful, § 6343(b). None of these methods, however, involve court action. A third avenue for reacquiring the property would be to seek a refund of taxes paid. However, that requires the payment of the taxes owed and then the filing of a claim with the Secretary. § 7422(a). This court cannot take jurisdiction of a refund suit until these prerequisites are met. *Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958); *White v. Commissioner*, 537 F.Supp. 679 (D.Colo.1982); *Glauber Valve Co. v. United States*, 536 F.Supp. 68 (E.D.Ark.1982). Prepayment of the tax clearly has not yet occurred in this case. Therefore, this court finds it is without jurisdiction to order the return of the property seized in this case.

In short, this court has no jurisdiction to award any of the relief requested in this case, whether it be injunctive, monetary damages, or return of the property. Without jurisdiction, this court cannot decide the merits of this cause of action. However, out of an abundance of caution and a desire to give these *pro se* litigants a full review of their claims, the court continues its analysis.

### B. The "Suability" of the Defendants

In No. F 84-83, plaintiffs have named four defendants: the United States Treasury Department; the IRS; the Director of the IRS; and Madaline Cook, an IRS agent. In No. F 84-93, plaintiffs have named the Commissioner of the IRS; Paul D. Williams, District Director of the IRS; C.B. Cooperman (referred to elsewhere as Gail C. Cooperman), an IRS employee; and Madaline Cook. The defendants have challenged the ability of the plaintiffs to sue these defendants on grounds of immunity. The court analyzes these arguments as they apply to the different defendants.

### 1. The Treasury Department and the IRS

■ The core of defendants' argument about the inability of plaintiffs to sue the Treasury Department or the IRS is the doctrine of sovereign immunity. It is well settled that the United States is a sovereign and, as such, is immune from suit without its prior consent. *United States v. Shaw*, 309 U.S. 495, 500-01, 60 S.Ct. 659, 661, 84 L.Ed. 888 (1940); *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir.1982); *Akers v. United States*, 539 F.Supp. 831, 832 (D.Conn.1982), *aff'd*, 718 F.2d 1084 (2d Cir.1983). Absent consent to sue, dismissal of the action is required. *Hutchinson*, 677 F.2d at 1327. The United States has waived its immunity with respect to some causes of action in the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671-2680. However, the Act, in § 2680(c), specifically excluded "any claim arising in respect of the assessment or collection of any tax or customs duty...." It is thus clear that the United States has specifically reserved its immunity with respect to claims arising out of tax collection and assessment. Thus, to the extent that any part of plaintiff's complaint can be construed as a claim against the United States, it is barred by the doctrine of sovereign immunity. *See Hutchinson; Seibert v. Baptist*, 594 F.2d 423 (5th Cir.1979), *cert. denied*, 446 U.S. 918, 100 S.Ct. 1851, 64 L.Ed.2d 271 (1980); *White v. Commissioner*, 537 F.Supp. 679, 684 (D.Colo.1982).

■ The attempt to name the agencies as defendants does not remove the bar of sovereign immunity. Courts have found that the actions of the IRS or its agents

fall under the Federal Tort Claims Act exception for collection and assessment of taxes. *See Morris v. United States,* 521 F.2d 872, 874 (9th Cir.1975); *Spilman v. Crebo,* 561 F.Supp. 652, 654–55 (D.Mont. 1982). It is therefore clear that the IRS is immune from suit for tax collection or assessment activities. Likewise, the Treasury Department has been found to be immune from suit. *Castleberry v. Alcohol, Tobacco and Firearms Division, Treasury Department,* 530 F.2d 672, 673 n. 3 (5th Cir.1976); *Krouse v. United States Treasury Department,* 380 F.Supp. 219 (C.D.Cal.1974). Therefore, neither of these governmental agencies can be sued by the plaintiffs.

### 2. The Individual Defendants

The individual defendants named in the three complaints are all IRS officials or agents. The complained of acts allegedly committed by these defendants are all acts committed within their official capacities as government officials. The defendants have argued that these individual defendants are protected by immunity as well.

■ As was noted earlier, the United States has not waived its sovereign immunity with respect to claims arising out of tax assessment or collection. One cannot avoid this sovereign immunity by simply naming officials when the judgment would impact upon the public treasury. *Vishnevsky v. United States,* 581 F.2d 1249, 1255 (7th Cir.1978). At least one court has held that a suit against IRS officials in their official capacity is a suit against the United States, *see Nelson v. Regan,* 560 F.Supp. 1101 (D.Conn.1983), so that sovereign immunity would preclude the suit.

■ The United States Supreme Court, in *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), discussed the extent of the immunity that a federal executive officer enjoys within the parameters of a federal agency position. The Court found that a federal official enjoys only a qualified immunity, so that he could be liable individually if he knows or should have known that he is acting outside the

law. *Id.* at 506–07, 98 S.Ct. at 2911. The Court recognized, however, that some officials need absolute immunity because it is "essential for the conduct of the public business." *Id.* at 507, 98 S.Ct. at 2911. Some courts have read *Butz* as giving absolute immunity to IRS officials in actions for damages. *Hutchinson v. United States,* 677 F.2d 1322 (9th Cir.1982); *Stankevitz v. IRS,* 640 F.2d 205 (9th Cir.1981); *Krzyske v. Commissioner,* 548 F.Supp. 101 (E.D.Mich.1982); *White v. Commissioner,* 537 F.Supp. 679, 684 (D.Colo.1982). If the officials are alleged to have exceeded their authority and to have operated outside the scope of their official duties, then only the qualified immunity applies. *Hutchinson,* 677 F.2d at 1328; *Nelson v. Regan,* 560 F.Supp. 1101 (D.Conn.1983); *Spilman v. Crebo,* 561 F.Supp. 652, 655–56 (D.Mont. 1982). In order to present a situation where only the qualified immunity will apply, the complaint must contain specific allegations of the unconstitutional conduct by the official, *White,* 537 F.Supp. at 684, and must allege the specific statutory provisions under which the official exceeded his authority. *Spilman,* 561 F.Supp. at 655–56.

■ The tenor of plaintiffs' complaint is that they seek damages and injunctive relief for acts done by the individual defendants in their official capacities. The acts complained of are statutorily permitted levies and attempts to assess and collect taxes. In situations such as this, the absolute immunity applies and the suit against the individual defendants must fail.

■ Even if the complaint can be viewed as somehow implying an argument that the defendants are not entitled to absolute immunity because they exceeded their official authority, the claim would fail for lack of specificity. Plaintiffs claim that the defendants "harassed" them by phone calls, letters, meetings and levies. None of these allegations specified the individual defendants who engaged in particular activities. These allegations fail to show how these acts violated the plaintiffs' rights.

Thus, the complaint does not contain specific allegations of the unconstitutional conduct by the official, *White*, 537 F.Supp. at 684. Nor does the complaint allege the specific statutory provision under which the official exceeded his authority. *Spilman*, 561 F.Supp. at 655–56. In fact, these allegations only reinforce the conclusion that the thrust of plaintiffs' complaint is against IRS officials performing their official duties. Even under the liberal construction principles of *Haines v. Kerner*, this complaint does not make out a claim against the individual defendants for exceeding their official authority. Therefore, the absolute immunity applies, and the defendants cannot be sued.

It is clear that all of the defendants cannot be sued because all are protected by immunity. There is no material fact in dispute, and the defendants are entitled to judgment as a matter of law. Therefore, the defendants are entitled to summary judgment on the basis of their inability to be sued. Out of an abundance of caution, however, the court turns to the merits of plaintiffs' suit in case the court's analysis of jurisdiction and immunity is incomplete.

### C. Merits of the Claim

The plaintiffs have filed three complaints in these two actions, each of which presents a claim against the defendants. Each of these claims will be considered in turn.

#### 1. No. F 84–83—Tools of the Trade

The initial complaint filed in No. F 84–83 sought an injunction to prevent a levy on the assets of plaintiffs' medical office because the defendants intended to violate the "Tools of the Trade" exception to the provisions of the Code defining what property may be seized in a levy. Ignoring for a moment the jurisdictional bar to injunctive relief, this court finds that concern for the Tools of the Trade exception would not afford plaintiffs a cause of action.

As was noted before, the Secretary has authority to levy all property belonging to the taxpayer in order to collect the taxes due. 26 U.S.C. § 6331(a). However, this broad power to levy is subject to the exemptions of § 6334, which exclude certain property from levy. Section 6334(a)(3) exempts the following:

> So many of the books and tools necessary for the trade, business, or profession of the taxpayer as do not exceed in the aggregate $1,000 in value.

Plaintiffs' initial complaint was based on the alleged intent of the IRS to seize plaintiffs' assets when those assets did not equal $1,000.00 in value. To support the implied claim that all of their assets are exempt under § 6334(a)(3), plaintiffs claim that their assets were valued at $750.00 by a bankruptcy court in 1973.

The court is unpersuaded by the plaintiffs' arguments. First, there is no reason to believe that the bankruptcy court's assessment has any relevance today. It was made eleven years ago, and it is certainly possible that plaintiffs have purchased or obtained new or additional assets in the interim. Second, even if the $750.00 valuation is accurate, there is no reason to believe that the defendants will seize the assets in violation of the $1,000.00 Tools of the Trade exception. Section 6334(b) requires that

> The officer seizing property of the type described in subsection (a) shall appraise and set aside to the owner the amount of such property declared to be exempt. If the taxpayer objects at the time of the seizure to the valuation fixed by the officer making the seizure, the Secretary shall summon three disinterested individuals who shall make the valuation.

Thus, the law requires that the seizing officers set aside $1,000.00 of plaintiffs' assets, and allows for independent appraisals if the plaintiffs disagree with the valuation assigned to the assets. This court has no reason to believe that the IRS agents will act in any other way but in accordance with the law. In fact, plaintiffs cannot claim any harm until a seizure in fact occurs. No seizure has yet occurred in this case. As such, plaintiffs' claim is premature.

### 2. No. F 84–95—Harassment

The initial complaint in No. F 84–95 alleged an eleven year period of "harassment." As has been discussed before, the acts of harassment were "phone calls, letters, meetings, seizures and levies." All of these activities, without any allegations that they were done outside the scope of usual procedure, are perfectly valid activities of IRS officials involved in the performance of their official duties. Nothing in the complaint indicates that these activities were done in any way other than in strict compliance with the Code and IRS regulations. Despite the notice pleading requirements of the Federal Rules of Civil Procedure, and the liberal pleading requirements for *pro se* litigants under *Haines v. Kerner*, this complaint simply fails to state a set of facts which would entitle the plaintiffs to relief. This court will not fancifully speculate on what defendants may or may not have done; if the plaintiffs cannot specify the defendants' wrongful conduct, then the court will not take cognizance of their claims.

### 3. Combined Complaint—Improper Seizure of Property

The "Complaint to Reclaim Property" filed in both cases alleges that the defendants improperly seized a residence, a safety deposit box, and an automobile. The court examines each claim in turn.

Plaintiffs claim that the defendants attached an illegal notice of seizure to real estate in Huntington, Indiana which the plaintiffs were purchasing on contract. The alleged impropriety of this notice of seizure is two fold: (1) there were prior liens on the property (which the IRS knew of) that will prevent the realization of a "benefit to the alleged tax liability"—in short, the seizure was improper because the sale of the property would not generate any funds which could reduce plaintiffs' tax liability; and (2) the notice of seizure was "improperly worded." In response to the first claim, defendants have submitted: a Seizure and Sale Worksheet prepared by the IRS which values the house at $20,-000.00 and shows that the only prior claim against the property is a $2,400.00 claim under a land contract (Government Exhibit A); a letter from the plaintiffs rejecting the figures of the Worksheet as unrealistic and requesting a professional appraiser (Government Exhibit C); and a copy of the appraiser's report stating that the value of the property is $36,200.00 (Government Exhibit D). The defendants argue that these exhibits show that the plaintiffs had substantial equity in the real estate, and therefore seizure was proper.

The court is convinced that the plaintiffs had some equity in the property. The plaintiffs' argument rests upon an assumption that the prior liens on the property were equal to the value of the property. However, the only evidence of any prior liens is the $2,400.00 lien listed on the Seizure and Sale Worksheet. Under either of the property valuations presented in defendants' exhibits, there is substantial unencumbered equity in the property which could be used to reduce plaintiffs' tax liability. The plaintiffs have failed to offer any evidence to contest this conclusion. Therefore, the seizure of the Huntington property by the IRS would be proper, and plaintiffs' claim is without merit.

Plaintiffs have also challenged the seizure of the Huntington real estate on the grounds that the Notice of Seizure was improperly worded. However, the plaintiffs have failed to point out any deficiency with the wording of the notice, and this court cannot find any. Therefore, plaintiffs' claim as to the wording of the notice is without merit. Furthermore, this analysis applies to the claims that the Notices of Seizure for the safety deposit box and the 1981 LeMans were improperly worded.

Plaintiffs allege that the seizure of a safety deposit box at the Community State Bank of Huntington, Indiana was improper because the box was not rented by either of the plaintiffs, but rather by the plaintiffs' daughter, Julie A. Richards. Whether or not the seizure was wrongful, the plaintiffs have no standing to

assert a claim concerning the seizure. If in fact the plaintiffs had no property or interest in the box, then nothing of theirs was seized; the correct plaintiff would be Julie A. Richards, and not the current plaintiffs, as no property interest of theirs was violated by the seizure. The Code, in § 7426(a)(1), permits a cause of action for wrongful levy for any person who claims an interest in the property *"other than the person against whom is assessed the tax out of which such levy arose"* (emphasis supplied). Thus, the plaintiffs have no standing to complain about the seizure of Julie Richards' property. On the other hand, if the property in the safety deposit box was property of the plaintiffs, then § 6332(a) requires that the person in possession of the property turn it over to the IRS, and § 7426(a)(1) prevents the plaintiffs from suing the IRS on the propriety of the levy. In short, plaintiffs cannot assert a claim concerning the seizure of the safety deposit box.

 The plaintiffs' last claim concerns the 1981 LeMans. As with the Huntington real estate, plaintiffs assert that there were prior liens on the car so that the seizure was improper because the IRS could not realize any money for reducing plaintiffs' tax liability. Again, plaintiffs offer no evidence in support of their claim, and the defendants' evidence establishes that unencumbered equity was present in the car. The Certificate of Sale of Seized Property (Government Exhibit K), issued upon sale of the car, shows that the car was sold for $2,037.16. That Certificate shows that the purchaser took the car subject to all prior liens, so that none of the monies realized through the sale need to be diverted to paying off the prior liens. Further, the government asserted that the prior liens totalled only $962.84, a figure never contested by the plaintiffs. This indicates that there is at least $1,000.00 in unencumbered equity realized in the sale of the car. In either case, the IRS received proceeds which can be used to reduce plaintiffs' tax liability, and thus the seizure was not improper.

An overall analysis of defendants' converted motion to dismiss reveals that the plaintiffs have not asserted a competent basis for jurisdiction, cannot sue any of the defendants because they are immune, and even if the plaintiffs could overcome these two legal hurdles, could not prevail because their three complaints contain meritless claims. It is abundantly clear that there are no issues of material fact and that the defendants are entitled to judgment as a matter of law. The court will therefore grant the defendants summary judgment on the entire complaint.

## II. MOTIONS FOR FEES AND COSTS

The defendants have moved to have attorney fees and costs awarded in both F 84–83 and F 84–95, claiming that both actions are not well grounded in fact as required under Rule 11 of the Federal Rules of Civil Procedure. Plaintiffs have also asked for Rule 11 sanctions against the defendants, but because the defendants have prevailed on every claim, no Rule 11 sanctions will be levied against them.

 Under the Seventh Circuit's interpretation of Rule 11, the court must find subjective bad faith on the part of the party against whom fees are to be assessed. *Suslick v. Rothschild Securities Corp.*, 741 F.2d 1000, at 1007 (7th Cir. 1984). This court has not hesitated in the past to award fees and assess additional sanctions under Rule 11. *See Cameron v. IRS*, 593 F.Supp. 1540, 1552 (N.D.Ind.1984); *Young v. IRS*, 596 F.Supp. 141, at 152 (N.D.Ind.1984). However, the plaintiffs here have not engaged in the same kind of objectionable conduct as in *Cameron* or *Young*. They have not made specious arguments long ago rejected by the courts of this country. Although their arguments do not prevail here, the plaintiffs have not engaged in the advancement of outrageous arguments which disregard the well-settled tax laws of this country. Thus, this court will not assess fees or sanctions against the plaintiffs.

*Conclusion*

For the reasons set out above, defendants' motions to dismiss in both F 84–83 and F 84–95 are converted into motions for summary judgment, and the court hereby GRANTS the defendants summary judgment in both F 84–83 and F 84–95. The court hereby DENIES all motions or requests for fees or sanctions against either party.