**In re WESTERN DIE CASTING CO., now doing business as Western Safety Devices, Inc., Debtor.**

**M. NOLDEN, Trustee in Bankruptcy, Plaintiff,**

**v.**

**ATHEARN, CHANDLER & HOFFMAN, a partnership, and Richard Harrington, Defendants.**

**Bankruptcy No. 4 86 00537 WN3. Adv. No. 4 88 0214 AT.**

United States Bankruptcy Court, N.D. California.

July 21, 1989.

Robert Elliott, Chandler, Wood, Harrington & Maffly, San Francisco, Cal., for defendants.

Deborah A. Cooksey, Lempres & Wulfsberg, Oakland, Cal., for plaintiff.

## MEMORANDUM OF DECISION

LESLIE TCHAIKOVSKY, Bankruptcy Judge.

The defendants in the above-captioned adversary proceeding (the "Proceeding") move for sanctions against plaintiff, the chapter 11 trustee of the above-captioned estate (the "Trustee"), and her counsel on the ground that the Proceeding was filed in violation of Bankruptcy Rule 9011. For the reasons stated below, defendants' motion is denied.

## SUMMARY OF FACTS

This bankruptcy case was commenced by the filing of an involuntary petition seeking relief under chapter 7 of the Bankruptcy Code on February 7, 1986. On March 22, 1986, the Trustee was appointed as interim trustee. On March 27, 1986, an order for relief was entered, and the case was converted to a case under chapter 11 of the Bankruptcy Code. The Trustee was retained as a chapter 11 trustee.

Prior to the filing of the bankruptcy petition, the debtor had been represented on various matters by the law firm of Athearn, Chandler & Hoffman ("A, C & H"). Sometime after her appointment, the Trustee discovered that A, C & H had received an assignment of insurance proceeds within 90 days prior to the filing of the involuntary petition, thus giving rise to a potential preference action on behalf of the estate.

On July 17, 1987, Patricia Nichols, an associate at the law firm of Lempres & Wulfsberg ("L & W"), attorneys for the Trustee, conducted an examination under Bankruptcy Rule 2004 (the "deposition") of Richard Harrington, an attorney with A, C

& H. In the deposition, Ms. Hoffman questioned Mr. Harrington concerning the assignment. During the course of this inquiry, the following interchange occurred:

Q. Was the assignment of proceeds of the life insurance policy, that is, the Penn Mutual Policy you have described to Athearn, Chandler & Hoffman, in payment for services rendered by the law firm prior to November 12, 1985?

A. Yes, and a consideration of the founder [surrender] of the security interest held by that law firm and the property of Western Die Casting Company.

Q. What security interest was held by Athearn, Chandler & Hoffman in the property of Western Die Casting?

A. They had a security interest in the receivables, inventory and equipment, other property of Western Die Casting Company.

Approximately ten months later, on May 20, 1988, the Trustee filed a complaint (the "Complaint") to set aside the assignment of the insurance proceeds to A, C & H as a preferential transfer under 11 U.S.C. § 547(b). The Complaint was drafted and signed by Srinoi Rousseau, another attorney at L & W.[1] Since 11 U.S.C. § 546(a) requires an avoidance action to be filed within two years after the appointment of a trustee, the Complaint may have been filed in haste to prevent the running of the statute.

The Complaint was not served until approximately five months later, in October 1988. Immediately upon being served with the Complaint, Mr. Harrington contacted Ms. Cooksey and requested that she dismiss the Proceeding. He referred to his testimony at the July 17, 1987 deposition and contended that the release of A, C & H's security interest constituted new value under 11 U.S.C. § 547(c)(1)(A), thereby es-

1. Shortly after filing the Complaint, Ms. Rousseau terminated her employment with L & W. By at least October 1988, Deborah Cooksey, a third attorney at L & W, had assumed responsibility for the Proceeding. At the hearing on this motion, Ms. Cooksey told the Court that she had not discussed the substance of the motion for sanctions with Ms. Rousseau and did not know whether Ms. Rousseau had actual knowledge of

Mr. Harrington's testimony at the deposition prior to filing the Complaint. Ms. Rousseau's time sheets apparently contained no reference to a review of the deposition transcript. However, Ms. Cooksey indicated that she herself had readily found a copy of the deposition transcript in the file when she assumed responsibility for the Proceeding.

tablishing a defense to the preference action. He cited *Kenan v. Fort Worth Pipe Co.*, 792 F.2d 125, 128 (10th Cir.1986) in support of this contention. At Ms. Cooksey's request, Mr. Harrington sent her documents evidencing A, C & H's security interest. Mr. Harrington represents that these documents had also been produced at the deposition in response to a subpoena duces tecum.

On December 15, 1988, there was a status conference in the Proceeding. At the status conference, Ms. Cooksey asked the Court for a continuance until February 1989 to complete her review of the documents she had received from Mr. Harrington in October and to do further research. The Court granted her request. At about the same time, Ms. Cooksey indicated to Mr. Harrington that the Trustee believed it necessary to determine whether the value of the collateral was sufficient to fully secure A, C & H's claim in order to determine whether the release of the security interest constituted an adequate "new value" defense under 11 U.S.C. § 547(c)(1)(A). The following day, Mr. Harrington sent Ms. Cooksey a letter in which he made certain representations concerning the value of the collateral. He also sent another set of the documents evidencing A, C & H's security interest.

Ms. Cooksey was apparently diverted from further work on the Proceeding by other matters, both personal and professional, and did not obtain a final decision from the Trustee concerning dismissal of the Proceeding until February 1989. On February 20, 1989, the Trustee's decision to dismiss the Proceeding was communicated to A, C & H. An order dismissing this adversary proceeding was signed by the court on March 2, 1989. This motion was filed on March 22, 1989.

## DISCUSSION

Defendants contend that the Trustee violated Bankruptcy Rule 9011 by filing the Complaint.[2] Bankruptcy Rule 9011 states, in pertinent part, as follows:

... The signature of an attorney ... constitutes a certificate that the attorney ... has read the document; that to the best of the attorney's ... knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law ...

The Advisory Committee Notes to the 1983 amendments to Rule 11 of the Federal Rules of Civil Procedure (the "Advisory Committee Notes") indicate that, in determining whether an attorney had a good faith belief in the merits of the case, the Court may consider:

... how much time for investigation was available to the signer, whether he had to rely on a client for information as to the facts underlying the pleading ... whether the pleading, ... was based upon a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar.

If the Court finds that an attorney has violated Bankruptcy Rule 9011, the Court is required to impose sanctions on the attorney and/or the party on whose behalf the document was filed. *Golden Eagle Distribution Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir.1986); *Eastway Const. Corp. v. City of N.Y.*, 762 F.2d 243 (2nd Cir.1985). Whether an attorney had a good faith belief that the case had merit is judged by an objective standard, i.e. whether a competent and reasonably diligent attorney could have had such a view under the circumstances. *Zaldivar v. City of LA*, 780 F.2d 823, 831–832 (9th Cir.1986).

Defendants do not contend that the *claim* asserted in the Complaint was not well grounded in the facts or warranted by the law. Rather, they contend that that claim would have been defeated by their "new value" defense pursuant to 11 U.S.C. § 547(c)(1). They contend that the Trustee's dismissal of the Proceeding in March 1989 constituted an acknowledgement that that defense would have prevailed at trial.

**2.** Bankruptcy Rule 9011 is derived from Rule 11, Federal Rules of Civil Procedure.

Since the Trustee knew or should have known that defendants asserted this defense prior to filing the Complaint, she violated Bankruptcy Rule 9011 by filing the Complaint.

The Trustee admits that she does not know whether the "new value" defense was even considered at the time the Complaint was filed. However, she contends that, even if it had been considered, she would have been justified in filing the Complaint. She contends that the defense might have been defeated if it were established that: (1) the value of the collateral was insufficient to cover the secured claim; or (2) the creation of the security interest itself was an "insider preference" under 11 U.S.C. § 547(b)(4)(B). She disputes the contention that the dismissal of the Proceeding constituted an acknowledgement that the "new value" defense would have prevailed. She contends that the dismissal was motivated, in part, by practical considerations, such as the expense of litigating the validity of the defense.

Despite the myriad reported cases dealing with Rule 11, and its offshoot, Bankruptcy Rule 9011, the Court has found none that raises this precise issue: i.e., whether Rule 11 requires a plaintiff to conduct prefiling discovery concerning the merits of a defense asserted by the defendant before the case is filed.

■ Before addressing this question, the Court would like to dispose of certain peripheral issues. First, it seems irrelevant to a determination of this motion whether Ms. Rousseau, the attorney who signed the Complaint, had actual knowledge that the defendants asserted a "new value" defense. Since an objective standard applies to Bankruptcy Rule 9011, it seems appropriate to charge her with knowledge of the asserted defense. Ms. Cooksey admitted that a copy of the deposition transcript was readily discoverable in the file.

■ Second, it also seems improper under these circumstances to excuse the Trustee from full compliance with Bankruptcy Rule 9011 on the ground that the Complaint was filed in haste, to prevent the

running of the statute under 11 U.S.C. § 546(b). The Trustee was aware of the potential cause of action and the alleged defense as early as July 1987 and apparently had access to documents evidencing A, C & H's security interest at that time as well. Even though the Complaint may have been prepared and filed in haste, to prevent the running of the statute, the necessity for that haste was caused by the Trustee's own delay. For that reason, the resulting press of time should not excuse or mitigate the Trustee's obligations under Bankruptcy Rule 9011.

Third, it appears irrelevant that the Trustee may not have actually considered, before filing the Complaint, either the existence of the "new value" defense or ways in which she might defeat this defense. Under the objective standard applicable to Bankruptcy Rule 9011, the relevant inquiry is what a competent and reasonably diligent attorney would have considered. Just as it will be presumed that a competent and reasonably diligent attorney would have discovered the copy of the deposition transcript in the file—and thus the existence of the asserted "new value" defense—it will also be presumed that such an attorney would have considered the obvious ways in which that defense might be defeated.

■ Finally, the only relevant consideration is the Trustee's counsel's conduct at the time the Complaint was filed, not counsel's actions or inactions thereafter. As stated in the Advisory Committee Notes:

... the court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading was ... submitted.

It is true that in the instant case the Trustee did not act as promptly as might have been desired in serving the Complaint, requesting information regarding the value of the collateral, evaluating that information, researching the issues, and making a determination as to how she wished to proceed. Most likely, the succession of attorneys handling the case had something to do with the delay. In any event, the Trustee's failure to act with greater speed after the

Complaint was filed cannot possibly constitute or contribute to a violation of Bankruptcy Rule 9011.

 Turning now to the critical issue in this case, the Court concludes that Bankruptcy Rule 9011 does not impose a burden on a plaintiff to conduct pre-filing discovery of an asserted defense. By its terms, Bankruptcy Rule 9011 requires a plaintiff only to make a reasonable inquiry concerning the factual and legal basis for the plaintiff's own claim. Clearly, this does not require an inquiry into what defenses that might be asserted to defeat that claim. Cf., *In re Concorde Nopal Agency, Inc.*, 92 B.R. 956, 958 (Bankr.S.D. Fla.1988); *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1542 (9th Cir.1986). Similarly, it should not require an inquiry into the validity of any particular defense, even if informally asserted by the defendant, at least when that defense depends on facts not clearly beyond dispute.[3]

It seems eminently fair to distinguish between claims and defenses in applying Bankruptcy Rule 9011. Generally, the facts supporting a claim are within the knowledge of or readily accessible to the party filing the claim. This is not generally true with respect to a defense. In addition, if a plaintiff were required to fully investigate the basis for a defense before filing a complaint, the defendant would be given an unfair advantage. By informally asserting myriad defenses, a defendant could impose a substantial pre-filing burden on a plaintiff with no risk to himself under Bankruptcy Rule 9011. Moreover, the investigation of those defenses would have to be conducted without the tools and safeguards available under the Federal Rules of Civil Procedure. If the action were ultimately filed, this discovery might have to be repeated to produce evidence useable at trial. Without a clear indication that such an application is intended, this

Court will not interpret Bankruptcy Rule 9011 to require such a result.

## CONCLUSION

Defendants' motion for sanctions is denied. The Trustee had no duty under Bankruptcy Rule 9011 to conduct pre-filing discovery concerning an asserted defense which did not indisputably bar her claim.

---

**3.** It is possible that, in an unusual instance, knowledge of a potential defense could make filing a complaint a violation of Bankruptcy Rule 9011. For example, sanctions might well be appropriate if a plaintiff files a complaint asserting a claim barred by a clearly applicable

statute of limitations after notice that the defendant intends to assert the statute as a bar. Cf. *Blair v. U.S. Treasury*, 596 F.Supp. 273, 282 (N.D.Ind.1984). However, only rarely, and clearly not here, are defenses indisputably valid.