In re EXCELLO PRESS, INC., Debtor.

EXCELLO PRESS, INC., Plaintiff,

v.

BOWERS, INC., et al., Defendants.

Appeal of Daniel A. ZAZOVE, Attorney.

Adv. Nos. 90 C 2490, and 90 C 4008. Adv. No. 87 A 907.

United States District Court, N.D. Illinois, E.D.

Oct. 18, 1990.

CONLON, District Judge.

## MEMORANDUM OPINION AND ORDER

Daniel A. Zazove ("Zazove"), attorney for debtor-appellant Excello Press, Inc. ("Excello") appeals from an order of the United States Bankruptcy Court for the Northern District of Illinois, imposing sanctions against him pursuant to Bankr.R. 9011.

## BACKGROUND

Robert Schrayer Company, now known as Associated Agencies, Inc. ("Associated"), is an Illinois insurance agent. Excello employed Associated as a broker to purchase group life and excess medical insurance for Excello and to administer Excello's self-insured portion of its group medical plan. Associated purchased this insurance for Excello from Boston Mutual. Excello made monthly payments to Associated for the insurance and to cover Associated's administrative costs. Associated deposited the payments into an escrow account and then paid the insurance premium portions to Boston Mutual. Docket number ("D.") 121.[1]

On October 11, 1985, Excello filed a Chapter 11 bankruptcy petition. Excello was a debtor in possession. A debtor in possession may recover any transfer of the debtor's property that was

(1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made ... on or within 90 days before the date of the filing of the petition; and (5) that enables such creditor to receive more than such creditor would receive if ... the case were a case under Chapter 7 of this title....

11 U.S.C. § 547(b). However, under § 547(c), a transfer may not be recovered

(1) to the extent that such transfer was ... intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous ex-

change for new value given to the debtor; and ... (2) to the extent that such transfer was (A) in payment of a debt incurred in the ordinary course of business ... of the debtor and the transferee; (B) made in the ordinary course of business ... of the debtor and the transferee; and (C) made according to ordinary business terms....

Excello hired the accounting firm of Arthur Young and Company ("Arthur Young") to analyze the transfers it made prior to filing for bankruptcy in order to determine whether any were recoverable under § 547. Arthur Young identified three transfers relevant to this action, consisting of Excello payments to Associated for insurance coverage and to compensate Associated for administering the self-insured portion of Excello's group medical plan. D. 39, Schrayer aff. ¶ 6. The first two payments were each for one month's coverage. The third transfer was a lump-sum payment for two months coverage. D. 50, Laster aff. ¶¶ 4, 5. In essence, each of the three transfers represented Excello payments to Associated for insurance that had already been secured. For example, coverage for June 1985 was effective on June 1st, but was not paid until August 5, 1985. July coverage was effective on July 1st, but was not paid until August 21st. D. 46 at 6. Coverage for August and September was effective on the first day of those months, but was not paid until September 25th. Laster aff. ¶ 5. Excello was assessed finance charges for each late payment. D. 46 at 4.

On September 15, 1987, Excello filed a complaint against Associated alleging that it was entitled to recover the payments made to Associated under § 547(b). D. 1. Associated responded to the complaint with a motion for summary judgment, contending that the payments were made in the ordinary course of business and therefore were not recoverable under § 547(c)(2)(B). D. 39. In response, Excello argued that all three payments were late and that finance charges were imposed by Associated. Ex-

1. Bankruptcy court documents are cited by their corresponding docket number.

cello contended that the lateness of the payments indicated that the transactions were not in the ordinary course of business. Excello also noted that, unlike previous payments, the third payment was a lump-sum payment for two months coverage, and was therefore not in the ordinary course of business.

On July 5, 1988, the bankruptcy court granted Associated's motion for summary judgment as to the first two payments. D. 48. The court held that the two payments were made in the ordinary course of business between Excello and Associated and were therefore not recoverable under § 547(c)(2)(B). The court denied Associated's motion as to the third payment because there was an issue of material fact as to whether the payment for two months coverage was made in the ordinary course of business. D. 51.

On September 14, 1988, Associated answered Excello's complaint. D. 62. Associated asserted an affirmative defense that the third payment was not a transfer from Excello to Associated within the meaning of 11 U.S.C. § 550. Under § 550(a),

> ... to the extent that a transfer is avoided under section ... 547 ... of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from (1) the initial transferee of such transfer, or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee.

On January 6, 1989, Associated moved for summary judgment as to the third payment. D. 78. In support of its motion, Associated submitted the affidavit of Karen Vacko ("Vacko"), Associated's executive vice president. *Id.* at Exhibit 1. Vacko stated that the third payment was in the amount of $5,903.94. *Id.* at ¶ 7. The money was deposited by Associated into a premium trust account. *Id.* at ¶ 6. All previous Excello payments were deposited into this account. Associated withdrew $5,198.44 from the account to pay Boston Mutual for Excello's insurance coverage. *Id.* at ¶ 10. The remaining $705.50 reflected amounts Excello owed Associated for administrative services. *Id.* at ¶ 8. Associated admitted that it was a transferee with regard to the $705.50. D. 78 at 3–4.

Four months after Excello filed its complaint, the Seventh Circuit decided *Bonded Financial Services, Inc. v. European American Bank,* 838 F.2d 890 (7th Cir. 1988). In *Bonded,* the court held that a transferee, in order to be liable under § 550(a), must have dominion over the money or the right to use the money in question for its own purposes. 838 F.2d at 893. Relying on *Bonded,* Associated contended that it only acted as Boston Mutual's agent with regard to the $5,198.44 insurance premium, and therefore was not an initial transferee liable under § 550(a). Associated argued that it was only a conduit for Excello's payments and maintained no dominion or control over the money.

Excello filed a cross-motion for summary judgment. D. 84. Excello argued that Associated was the initial transferee and liable under § 550(a), and that Associated's reliance on *Bonded* was misplaced. According to Excello, Associated was Excello's creditor when the transfer was made because Associated applied the funds to satisfy prior indebtedness for the insurance Associated had purchased for Excello and the administrative services it had provided. Excello argued that these facts were distinguishable from those in *Bonded,* where a bank received money for the sole purpose of depositing it into a customer's account. *Bonded,* 838 F.2d at 893. Excello also contended that the lump-sum payment, made in anticipation of its bankruptcy filing, was not in the ordinary course of business.

On May 1, 1989, the court granted Associated's motion for summary judgment on the third payment. D. 95. Applying *Bonded,* the bankruptcy court found that the $5,198.44 portion of Excello's payment to Associated was not made to Associated as an initial transferee but as agent for Boston Mutual for whose benefit the payment was made. D. 121 at 5–6. The bankruptcy court concluded that Associated was not liable under § 550(a). *Id.*

On May 3, 1989, Associated moved for the imposition of sanctions against Zazove's law firm, Towbin & Zazove.[2] Associated alleged that if Zazove had adequately investigated the business relationship between Excello and Associated, he would have concluded that the first two payments were subject to the ordinary course of business exception under § 547(c). Associated also asserted that Zazove should have withdrawn the complaint as to the third payment following the Seventh Circuit's decision in *Bonded.* Zazove countered that he was not required to investigate § 547(c) affirmative defenses. Zazove also contended that it was inappropriate to impose sanctions based upon *Bonded,* because that case was decided four months after the complaint was filed and because Zazove made a reasonable argument that the case was distinguishable.

On August 25, 1989, the bankruptcy court ruled that Zazove violated Rule 9011. 104 B.R. 924. D. 121. On February 9, 1990, the bankruptcy court entered an order directing Zazove to pay Associated $11,916.52 for fees and expenses as a sanction. Zazove appeals from this order.

## DISCUSSION

 Ordinarily, where the issues on appeal involve questions of law or the legal significance accorded to facts, this court may conduct a *de novo* review of the bankruptcy court record and reach an independent conclusion. *In re Ebbler Furniture and Appliances, Inc.,* 804 F.2d 87, 89 (7th Cir.1986). However, a deferential standard, rather than *de novo* review, applies in an appeal from an imposition of sanctions. *Mars Steel Corp. v. Continental Bank,* 880 F.2d 928, 932-37 (7th Cir.1989) (en banc). A bankruptcy court's Rule 9011 findings will not be overturned absent a showing of an abuse of discretion. *Id.*

Under Rule 9011,

Every ... pleading ... served or filed in a case under the Code on behalf of a party represented by an attorney ...

shall be signed by at least one attorney of record.... The signature of an attorney ... constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it ... an appropriate sanction....

Rule 9011 is analogous to Fed.R.Civ.P. 11 and imposes sanctions under the same circumstances, with exceptions not relevant here. *In re Kanak,* 85 B.R. 483, 489 (Bankr.N.D.Ill.1988). Accordingly, authorities construing Rule 11 are applicable to this case. *Matter of Pasko,* 97 B.R. 913, 916 (Bankr.N.D.Ill.1988). Rule 9011 has both a subjective and an objective component. *Mars,* 880 F.2d at 931. A filing interposed for any improper purpose is sanctionable, whether or not it is supported in fact or law. *Id.* at 932. Alternatively, a filing made in good faith is sanctionable if not based upon a reasonable inquiry into the facts and the law. *Id.; Brown v. Federation of State Medical Boards of the United States,* 830 F.2d 1429, 1435 (7th Cir.1987).

The bankruptcy court found that there was no evidence that Zazove filed Excello's complaint for any improper purpose. D. 121 at 7. Accordingly, the court based the imposition of sanctions on its finding that Zazove violated the objective component of Rule 9011. *Id.*

I. Reasonableness of pre-filing investigation of facts and law.

The bankruptcy court found that Zazove's investigation into the facts and law

---

**2.** Only the signer of a pleading, and not the signer's law firm, may be sanctioned under Rule 11. *See Pavelic & LeFlore v. Marvel Entertainment Group,* —— U.S. ——, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989). While Associated's motion for sanctions was filed against Towbin & Zazove, the bankruptcy court amended its final sanctions order to state that Zazove alone was obligated to pay the fee award. Zazove was the attorney who signed Excello's pleading.

underlying Excello's claim was inadequate. Specifically, the court found that § 547(c) imposed a duty on Zazove to make a reasonable investigation as to whether the first and second payments were in the ordinary course of business and therefore were not recoverable. Zazove argues that the bankruptcy court's decision in this regard is erroneous. Zazove contends that he had no duty to investigate the ordinary course of business defense, and that the inquiry that was conducted was objectively reasonable.[3]

■ A pleading is not well grounded in fact, and thus violates Rule 9011, if it is contradicted by uncontroverted evidence that was or should have been known to the attorney signing the filing. *Frazier v. Cast,* 771 F.2d 259, 263–65 (7th Cir.1985). To determine whether Zazove made a reasonable inquiry into the facts of this case, the following factors were properly considered by the bankruptcy court:

> ... whether the signer of the documents had sufficient time for investigation; the extent to which the attorney had to rely on his or her client for the factual foundation underlying the pleading, motion, or other paper; whether the case was accepted from another attorney; the complexity of the facts and the attorney's ability to do a sufficient pre-filing investigation; and whether discovery would have been beneficial to the development of the underlying facts.

*Brown,* 830 F.2d at 1435. The bankruptcy court noted that Excello hired Arthur Young to analyze Excello's payments to determine whether they were contemporaneous transfers for new value. Under § 547(c)(1), contemporaneous transfers for new value are not recoverable. Arthur

Young reported that Excello's payments to Associated were not recoverable, because they were not contemporaneous transfers for new value. The bankruptcy court reasoned that having investigated § 547(c)(1), Zazove should also have investigated the prohibition in § 547(c)(2) against recovering ordinary course of business transfers. The bankruptcy court noted that Zazove had facts readily at hand showing the ordinary course of business between Excello and Associated. The court stated that,

> Information about the course of business was easily available for [Zazove] supported Excello's cross-motion for summary judgment with the affidavit of Eugene Laster, a former executive vice-president of Excello, who stated that Excello paid Associated ... on a regular basis except for the [third lump sum payment] and that this lump sum payment was the only lump sum payment in the year prior to the bankruptcy filing. It thus seems that [Zazove] could have found after reasonable inquiry in those nearly two years before the filing of this adversary proceeding pertinent facts about the course of business between Excello and Associated.

D. 121 at 10.

■ Zazove argues that he had no duty to investigate Associated's § 547(c) defense. Zazove relies on *In re Western Die Casting Co.,* 106 B.R. 645, 649 (Bankr.N.D. Cal.1989), for the rule that a debtor is not required to investigate the availability of § 547(c) affirmative defenses. In addition, Zazove notes that under § 547(g), the defendant has a duty to prove its § 547(c) affirmative defenses.[4] Zazove reasons that the imposition of this duty on Associated

---

**3.** Associated filed an inadequate appellate brief with this court. Under Bankr.R. 8010(a)(2), Associated's appellate brief must contain its contentions with respect to the issues presented, with citations to authorities, statutes and parts of the record. However, Associated's brief only cites *Mars* for the undisputed rule that the abuse of discretion standard governs this court's review of the bankruptcy court's order. Associated's brief does not address any of Zazove's grounds for appeal, and merely refers the court to Associated's bankruptcy court briefs in sup-

port of its motion for sanctions. The court is not obligated to research and construct Associated's legal arguments, especially since it is represented by counsel. *Sanchez v. Miller,* 792 F.2d 694, 703 (7th Cir.1986).

**4.** § 547(g) provides that,
> For the purposes of this section, ... the creditor or party in interest against whom recovery or avoidance is sought has the burden of proving the nonavoidability of a transfer under [§ 547(c)] ....

implies that Excello was not obligated to conduct any investigation into possible defenses. This court disagrees. No governing authority adopting *In re Western Die Casting* is cited. In addition, under Rule 9011, analysis of the merits of a particular claim logically includes an investigation into defenses that may preclude the claim. This is especially true when, as here, the debtor has already investigated some of the possible defenses and additional investigation would not impose any significant burden.

Based on these facts, this court cannot conclude the bankruptcy court's finding that Excello's pre-filing investigation was inadequate constituted an abuse of discretion. *Mars*, 880 F.2d at 936. Accordingly, the bankruptcy court's order imposing sanctions on Zazove regarding Excello's first and second payments to Associated is affirmed.

II. Failure to withdraw complaint.

█ Under 11 U.S.C. § 550(a)(1), a trustee may recover a transfer from the initial transferee. In its motion for summary judgment as to the third payment, Associated argued that it was not an initial transferee under § 550(a)(1), and thus was not liable to Excello for the payment. Associated relied on the Seventh Circuit's decision in *Bonded*, decided four months after Excello filed its complaint. The bankruptcy court granted Associated's motion for summary judgment. In its order imposing sanctions, the court held that Zazove had a duty to voluntarily withdraw Excello's claim based on the third transfer within a reasonable time after the Seventh Circuit decided *Bonded*. The court ruled that failure to do so constituted sanctionable conduct under Rule 9011.

Under Rule 9011, a complaint need only be warranted by a good faith argument for the extension, modification, or reversal of existing law. Excello argued that this case presented different facts than those in *Bonded*. In *Bonded*, the court held that the minimum requirement of status as an initial transferee is dominion over the money, or the right to put the money to one's own purposes. 838 F.2d at 893. *Bonded* involved a bank that received money under an express direction to deposit the funds into a customer's account. *Id.* at 891. The bank received no benefit from the transfer, and acted merely as an intermediary, holding the funds only in order to make them available to someone else. *Id.*

Excello argued that, unlike the bank in *Bonded*, Associated received two benefits from the transfer. First, since Associated had already purchased the insurance, Excello was obligated to reimburse Associated. Excello's payment eliminated this debt. Second, a portion of Excello's payment reimbursed Associated for its administrative costs. Zazove cites two cases holding that where the transfer accords some benefit to the initial transferee, the transaction may be voidable under § 550. *See Levitt v. Ingersoll Rand Financial Corporation*, 874 F.2d 1186, 1194–1200 (7th Cir.1989); *In re Mill Street, Inc.*, 96 B.R. 268, 269–70 (9th Cir.BAP 1989).

This court need not decide whether the bankruptcy court correctly decided that under *Bonded*, Associated was not an initial transferee liable to Excello for the third payment. Zazove made a good faith argument distinguishing *Bonded* from the facts in this case. In addition, Rule 9011 applies exclusively to pleadings, motions, and other papers. *Pantry Queen Foods, Inc. v. Lifschultz Fast Freight, Inc.*, 809 F.2d 451, 454 (7th Cir.1987). It is undisputed that Excello's claim as to the third transfer was well founded in law when the complaint was filed. "Rule 11 does not require the updating of papers that were not subject to sanctions when filed." *Id.; see also Samuels v. Wilder*, 906 F.2d 272, 275 (7th Cir. 1990). Accordingly, it was an abuse of discretion for the bankruptcy court to sanction Zazove for maintaining Excello's claim as to the third payment to Associated.

CONCLUSION

The order of the bankruptcy court imposing sanctions against Daniel A. Zazove under Rule 9011 is affirmed in part and reversed in part. The portion of the order sanctioning Zazove for inadequate pre-fil-

ing investigation as to the first two payments is affirmed. The portion of the order sanctioning Zazove for failing to withdraw Excello's complaint is reversed. This case is remanded to the bankruptcy court to determine the extent to which the amount of the sanctions award should be reduced.