In re Avery Z. ELISCU, Debtor.

Avery Z. ELISCU, Appellant,

v.

Patricia A. BANKS, Trustee, and the Atchison, Topeka and Santa Fe Railway Company, Appellees.

Nos. 91 C 7314, 87 B 236.

United States District Court, N.D. Illinois, E.D.

April 7, 1992.

Ariel Weissberg, Anthony V. Ponzio, Weissberg & Associates, Chicago, Ill., for appellant.

David C. Gustman, Andra K. Heller, Freeborn & Peters, Chicago, Ill., for appellees.

Patricia Banks, Patricia Banks & Associates, Chicago, Ill., trustee.

1. The total value of the settlement agreement was approximately $350,000. *In re Avery Z.*

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

This case comes before us on an appeal from the bankruptcy court's award of attorneys' fees to the Appellees. For the reasons that follow, we uphold the bankruptcy court's award.

### Background

On January 17, 1987, Avery Z. Eliscu ("Eliscu") filed a voluntary petition for bankruptcy pursuant to Chapter 7, Title 11 of the United States Code. (Appellant's Br. at 1.) Patricia A. Banks was appointed as Trustee ("Trustee"). (*Id.*) The Atchison, Topeka and Santa Fe Railway Company ("Santa Fe") is the holder of a disputed, unliquidated, and contingent claim against the estate of the Debtor which was assigned to it by the Trustee. (*Id.*)

On February 22, 1990, a settlement agreement between Eliscu, Santa Fe, and the Trustee was approved by the bankruptcy court whereby Eliscu agreed to pay $150,000 to the Trustee by April 10, 1990.[1] *In re Avery Z. Eliscu,* No. 87 B 236 (Bankr.N.D.Ill. Feb. 22, 1990) (order approving settlement agreement). The agreement did not provide for the payment of interest or for attorneys' fees if the $150,000 was not paid on time. *Id.* at 2. Eliscu did not pay the settlement amount by April 10, 1990. (Appellant's Br. at 2.)

On April 19, 1990, the Trustee filed a request for contempt against Eliscu for failure to pay by the required date. (*Id.*) The bankruptcy court ordered Eliscu to pay the settlement amount plus interest, and continued the Trustee's request for contempt. (*Id.*) On July 21, 1990, the bankruptcy court ordered Eliscu to show cause why he had not paid the settlement amount and was not in contempt of court for failure to pay. *In re Avery Z. Eliscu,* No. 87 B 236 (Bankr.N.D.Ill. July 21, 1990). After the order was entered, numerous status and contempt hearings were held by the

*Eliscu,* No. 87 B 236 (Bankr.N.D.Ill. Feb. 22, 1990) (order approving settlement agreement).

court. Santa Fe appeared at every hearing (Appellee's Br. at 3); however, Eliscu failed to appear in court on several of these occasions. (Transcript of 9–13–91 Hearing before Judge Schwartz [hereinafter "Tr."] at 10.) Despite Eliscu's failure to pay and failure to appear, the court never formally held him in contempt.

On July 31, 1990, Eliscu paid $130,000 toward his ultimate debt of $150,000. (Tr. at 3.) However, he did not pay the balance of $20,000 until the end of March 1991, over a year after the requisite due date. (Appellant's Br. at 2.) Subsequently, Eliscu and the Trustee came to a compromise agreement as to the amount of interest due on the late settlement payment. The bankruptcy court approved that agreement in August 1991. (*Id.*)

The Trustee and Santa Fe filed requests for assessment of attorneys' fees against Eliscu for the fees that they had incurred seeking to enforce the settlement agreement. (*Id.* at 2–3.) The bankruptcy court held a hearing on the fee requests on September 13, 1991, and heard oral argument on Eliscu's objections. (*Id.* at 3.) Eliscu moved to have the court require the Trustee and Santa Fe to provide testimonial evidence in support of their fee requests. (*Id.*) The bankruptcy court denied this request and assessed the full amount of fees requested, $4,841.25 to Santa Fe and $3,683,75 to the Trustee. *In re Avery Z. Eliscu*, No. 87 B 236 (Bankr.N.D.Ill. Oct. 3, 1991) (judgment order). Eliscu appeals that order.

### Analysis

In attacking the assessment of attorneys' fees against him, Eliscu makes two arguments.[2] First, he asserts that the bankruptcy court abused its discretion in awarding fees to Appellees. Second, he

argues that the bankruptcy court denied him due process by refusing to grant his request that Appellees be required to present testimonial evidence in support of the amount of fees that they requested. We will address each of these challenges in turn.

### A. *Abuse of Discretion*

■ Eliscu asserts that the bankruptcy court abused its discretion by awarding attorneys' fees to the Appellees. Eliscu argues that the American Rule, which requires each party to bear its own attorney's fees, governs this case and that none of the exceptions to the American Rule apply. (Appellant's Br. at 3.) *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). However, the American Rule does not apply in all instances. A court may impose attorney's fees (1) in "common fund" cases; (2) where a party has been in "willful disobedience of a court order"; and (3) where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, —— U.S. ——, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991). In addition, the court may employ its inherent equitable powers in assessing attorney's fees. *Id.*

■ We review the award of attorneys' fees under an abuse of discretion standard. *In re Anderson*, 936 F.2d 199, 203 (5th Cir.1991); *Excello Press v. Bowers, Inc.*, 120 B.R. 938, 941 (Bankr.N.D.Ill. 1990). When it assessed fees against Eliscu, the bankruptcy judge found that Eliscu had signed an unconditional promise to pay the settlement agreement by April 10, 1990, (Tr. at 8), and that the settlement agreement made no reference to the source of the funds Eliscu planned to use to pay

---

**2.** In his Notice of Appeal filed October 25, 1991, Mr. Eliscu stated that there would be three issues on appeal:

    (1) Whether the Bankruptcy Court abused its discretion in failing to hold an evidentiary proceeding on the factual objections of [Santa Fe] and [the Trustee's] request for fees.

    (2) Whether it was an abuse of Discretion to grant fees against the Debtor in light of *Chambers v. NASCO, Inc.*, [——] U.S. [——], 111 S.Ct.

2123, 2133 [115 L.Ed.2d 27], *reh'g denied*, [——] U.S. [——], 112 S.Ct. 12, 115 L.Ed.2d 1097 (1991).

    (3) Whether the findings that the fees and costs were reasonable and proper was clearly erroneous.

Because Mr. Eliscu did not assert the third issue in his appellate brief he has waived any argument as to the bankruptcy court's finding that the fees were reasonable.

the settlement amount. (Tr. at 8–9.) The court also noted that Eliscu failed to be present at hearings and failed to pay the full amount of the settlement agreement for almost an entire year after its due date. Indeed, the bankruptcy court stated that it and the Appellees had to "ride herd" over Eliscu to enforce the settlement agreement. (Tr. at 11.) In sum, it appears clear that the bankruptcy court found that Eliscu acted in bad-faith by unreasonably protracting the litigation with his delays. (Tr. at 3 and 10–11); *In re Avery Z. Eliscu*, No. 87 B 236 (Bankr.N.D.Ill. Oct. 31, 1991) (judgment order).

■ Where a party unreasonably prolongs litigation, a court possesses the inherent equitable powers to require that party to pay attorney's fees. *See In re Saltenberger*, 61 B.R. 1005 (Bankr.E.D.Pa. 1986) (attorney's fees were imposed upon a bank which had unreasonably protracted litigation by failing to remove the garnishment of a depositor's account); *In the Matter of Deemer Steel Casting*, 117 B.R. 103, 108–09 (Bankr.D.N.J.1990) ("[W]here a party hinders the orderly administration of a bankruptcy estate, equitable considerations may require the court to award attorney's fees to offset that party's bad faith."). Given the facts of this case, we find that the bankruptcy court did not abuse its discretion in awarding attorneys' fees to the Appellees.

B. *Due Process*

■ Eliscu's second challenge is that the bankruptcy court denied him due process by refusing to grant his request to require Appellees to present testimonial evidence to prove that the amount of fees that they requested was reasonable. (Appellant's Br. at 3.) We find this contention entirely without merit. Both parties presented their written arguments on the issue of the amount of the fees requested. Furthermore, Eliscu was given the opportunity to argue orally his objections to the fee amount on September 13, 1991. Although imposition of attorney's fees does invoke the protection of the due process clause of the Fifth Amendment, *In re En-*

*drex Investments v. Mauna Lani Resort*, 111 B.R. 939, 943 (Bankr.D.Colo.1990), the requirements of due process as to notice and scope of hearing are based primarily upon the circumstances of the case. *Id.* Eliscu only objects to the form of evidence considered by the court. He does not dispute that he received ample notice and an opportunity to respond. The bankruptcy judge had first-hand knowledge of the case. He knew how many times Eliscu failed to appear and was well aware of Eliscu's failure to meet the terms of the settlement agreement. Given his personal knowledge of the case, the bankruptcy judge was in the best position to determine whether testimonial evidence by the Appellees was necessary. The bankruptcy judge found that such evidence was not necessary and that the costs were reasonable and had been kept to a minimum. (Tr. at 12.) We affirm.

*Conclusion*

For the reasons stated above, we affirm the bankruptcy court's award of attorneys' fees in this matter.